Walter H. Bithell, ISB: 1206
BITHELL LAW
199 N Capitol Blvd, Suite 500
Boise, ID 83702
Phone: (208) 336-4440
Fax: (208) 344-7721
Email:  walter@bithelllaw.com

T.J. Angstman, ISB: 5738
ANGSTMAN JOHNSON
3649 N. Lakeharbor Lane
Boise, Idaho 83703
Phone: (208) 384-8588
Fax: (208) 853-0117
Email:  tj@angstman.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEILIN HE, WEI CUI, YU ZHANG, WEI ZHANG, HONG ZHANG, YIPING WU, GANG SUN, JIA LI, CHUNYANG WANG, WENWEI FAN, RUI HU, DONG SU, QI DENG, HONGBO SHAO, PING CHEN, LIQIANG SUN, DONGMEI HAN, YANLU LIU, BING LI, JINGYUAN ZHANG, JING JIANG, HUA JIANG, RUIZHE JIANG, CHENGLONG JIANG, DANQING YE, YANYAN LI, BO PENG, XIA LI, DONGHUI DENG, JIAFENG GU, and JIAWEN JIANG, individually and on behalf of a class of other similarly-situated persons,<br><br>                Plaintiffs,<br><br>SEROFIM MUROFF; DEBRA L. RIDDLE; RAYMOND KU; WINNER XING; | Case No.<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 1**

| |
|---|
| RICHARD K. GETTY; JERRY R. BARNETT; BLACKHAWK MANAGER, LLC; ISR CAPITAL, LLC; EQUITY RECAP ACCOUNT, LLC; IDAHO STATE REGIONAL CENTER, LLC; BLACKHAWK GOLD, LLC; GMA GARNET USA CORP.; IDAHO STATE GOLD, LLC; LEMHI GOLD TRUST, LLC; THE MCCALL ASSOCIATES LLC; BLACKHAWK ON THE RIVER, LLC D/B/A BLACKHAWK MATERIAL SUPPLY; RED RIDGE DEVELOPMENT LLC; WEST MOUNTAIN SEWER AND WATER INC. D/B/A WEST MOUNTAIN SEWER AND WATER; MONTANA STATE GOLD COMPANY, LLC; MAYFLOWER MINING COMPANY; CONCIERGE HOLDINGS, LLC; WESTLEAD CAPITAL INC. D/B/A WESTLINK OR WEST LINK; WORLDWAY GROUP; and DOES 1-10.<br><br>              Defendants. |

The Plaintiffs, individually and as the representative of a class of similarly-situated persons (the "Plaintiff Class"), allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Named Plaintiffs are Chinese citizens, who are qualified and appropriate representatives of a group of investors who are similarly situated and have suffered harm in the same manner as Plaintiffs as a result of the actions and/or omissions of the Defendants. No Plaintiff lives or resides in Idaho.

2.      Defendant Serofim (a.k.a. Sima) Muroff ("Muroff") is an Idaho resident, and is or was the Chief Executive Office of Blackhawk Manager, LLC and the Idaho State Regional

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 2**

Center, LLC, as well as the principal of ISR Capital, LLC and Equity Recap Account, LLC, among other defendant entities.

3. Defendant Raymond Ku ("Ku") is a resident of China, who has and does conduct business with Muroff in the State of Idaho.

4. Defendant Winner Xing ("Xing") is a resident of China, who has and does conduct business with Muroff in the State of Idaho.

5. Defendant Debra L. Riddle ("Riddle") is an Idaho resident with an address of 5195 West Elaynea Lane, Garden City, Idaho 83714.

6. Defendant Richard K. Getty ("Getty") is a Washington resident with an address of 1145 Broadway, Suite 1300, Tacoma, Washington 98402.

7. Defendant Jerry R. Barnett ("Barnett") is a Washington resident with an address of 8808 90th Avenue Northwest, Gig Harbor, Washington, 98332.

8. Defendant Blackhawk Manager, LLC ("Blackhawk") is an Idaho limited liability company with a registered address of 623 West Hayes Street, Boise, Idaho 83702.

9. Defendant ISR Capital, LLC ("ISR Capital") is an Idaho limited liability company with a registered address of 623 West Hayes Street, Boise, Idaho 83702.

10. Defendant Equity Recap Account, LLC ("Equity Recap") is an Idaho limited liability company with a registered address of 132 Southwest 5th Avenue, Suite 150, Meridian, Idaho 83642.

11. Defendant Idaho State Regional Center, LLC ("ISRC") is an Idaho limited liability company with a registered address of 1067 Arlington Drive, Eagle, Idaho 83616.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 3**

12. Defendant Blackhawk Gold, LLC ("Blackhawk Gold") is an Idaho limited liability company with a registered address of 623 West Hayes Street, Boise, Idaho 83702.

13. Defendant GMA Garnet USA Corp. ("GMA") is a Delaware corporation registered to do business in Idaho with a registered address of 12550 West Explorer Drive, Suite 100, Boise, Idaho 83713.

14. Defendant Idaho State Gold, LLC ("Idaho State Gold") is an Idaho limited liability company with a registered address of 623 West Hayes Street, Boise, Idaho 83702.

15. Defendant Lemhi Gold Trust, LLC ("Lemhi Gold") is an Idaho limited liability company with a registered address of 623 West Hayes Street, Boise, Idaho 83702.

16. Defendant The McCall Associates LLC ("McCall Associates") is an Idaho limited liability company with a registered address of 8919 West Ardene Street, Boise, Idaho 83709.

17. Defendant Blackhawk on the River, LLC d/b/a Blackhawk Material Supply ("Blackhawk on the River") is an Idaho limited liability company with a registered address of 623 West Hayes Street, Boise, Idaho 83702.

18. Defendant Red Ridge Development LLC ("Red Ridge") is an Idaho limited liability company with a registered address of 805 North 3rd Street, McCall, Idaho 83638.

19. Defendant West Mountain Sewer and Water Inc. d/b/a West Mountain Sewer and Water ("West Mountain") is an Idaho corporation with a registered address of 1112 West Main, Suite 101, Boise, Idaho 83702.

20. Defendant Montana State Gold Company, LLC ("Montana State Gold") is a Montana limited liability company with a registered address of 201 West Main Street, Suite 201, Missoula, Montana 59802.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 4**

21. Defendant West Mayflower Mining Company ("West Mayflower") is a Montana corporation with a registered address of 201 West Main Street #201, Missoula, Montana 59802.

22. Defendant Mayflower Mining Company ("Mayflower") is a Montana corporation with a registered address of 201 West Main Street #201, Missoula, Montana 59802.

23. Defendant Concierge Holdings, LLC ("Concierge") is an Idaho limited liability company with an address of 1112 West Main, Suite 105, Boise, Idaho 83702.

24. Collectively, Defendants GMA, Idaho State Gold, Lemhi Gold, McCall Associates, Red Ridge, Montana State Gold, West Mayflower, Mayflower, Concierge are hereinafter sometimes referred to as the "Investment Entities."

25. Defendant Westlead Capital Inc. d/b/a Westlink or West Link ("Westlead") is a Chinese corporation which did and does business with Muroff in the State of Idaho.

26. Defendant Worldway Group ("Worldway") is a Chinese entity which did and does business with Muroff in the State of Idaho.

27. Defendant Does 1-10 are individuals or entities who may also have committed the harms alleged herein. The exact identity of these parties is presently unknown. At such time as the Plaintiff Class becomes aware of the identities of these parties (if any), the Plaintiff class will amend this Complaint to name those additional parties.

28. The Plaintiff Class bring this Complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 5**

29. Venue is proper pursuant to Idaho Code Section 5-404. Defendants either reside in this County or maintain a principal place of business in this county. Additionally, the causes of action arose in this County.

## CLASS ACTION ALLEGATIONS

30. The named Plaintiffs bring this action on their own behalf and as representatives of all persons who invested in Defendants' fraudulent scheme involving the EB-5 Immigrant Investor Program.

31. Class certification is sought pursuant to Federal Rule of Civil Procedure 23(c).

32. Class certification is appropriate because: (i) the Plaintiff Class is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Plaintiff Class; (iii) the claims of the representative parties are typical of the claims of the Plaintiff Class; and (iv) the representative parties will fairly and adequately protect the interests of the Plaintiff Class.

33. Additionally, the Plaintiff Class should be maintained because prosecuting separate actions by individual class members would create a risk of: (i) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (ii) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

34. Finally, there are questions of law or fact common to the Plaintiff Class that predominate over any questions affecting only individual members, and the Plaintiff Class' class

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 6**

action is superior to other available methods for the fair and efficient adjudication of the controversy.

**STATEMENT OF FACTS**

35. During 2004 through 2008, Muroff, Getty, and Barnett formed various Idaho companies for the purposes of real estate development and investment. These companies included the Blackhawk defendants, including Blackhawk on the River, Blackhawk Partners, Blackhawk Equestrian Center, among others ("Blackhawk Defendants").

36. Muroff, Getty, and Barnett invested heavily in Valley County, Idaho, which saw a dramatic downturn in the real estate market following the 2008 recession.

37. In 2009, Muroff and others form ISRC. Upon information and belief, the purpose for forming ISRC was to secure funds with which to replace their own failing investments.

38. In 2010, Muroff formed Blackhawk Gold LLC to serve as the investment vehicle by which he would execute Phase 1 of an EB-5 Immigrant Investor Program ("EB-5 Program") to obtain the foreign investments.

39. The EB-5 Program is administered by the U.S. Citizenship and Immigration Services, and provides non-United States citizens the opportunity to apply for a green card if they (i) make a qualified investment in a commercial enterprise in the U.S., and (ii) plan to create or preserve ten permanent full-time jobs for qualified U.S. workers.

40. To effectuate the scheme, Muroff traveled to China on various occasions to make presentations (the "Investor Recruitment Meetings") to potential investors regarding the EB-5 Program.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 7**

41. At the Investor Recruitment Meetings, Muroff and/or his agent(s) invited the potential investors to place their money in Idaho projects, to be invested by Muroff and his associates in their various business entities including the failing Blackhawk Defendants.

42. Muroff became associated with Ku, Westlead, Xing and Worldway, which are immigration investment brokers in Asia.

43. By agreement among them, Ku, Westlead, Xing, and Worldway solicited and identified wealthy Chinese investors looking to participate in the EB-5 Program and directed the investors to ISRC Phase 1 – Blackhawk Gold LLC over other investment opportunities.

44. In exchange Ku, Westlead, Xing, and Worldway received commissions that were undisclosed to the investors.

45. Muroff, Ku, Westlead, Xing, Worldway, and their agent(s) promised and convinced the potential investors their investments would be used in real estate investment projects in Idaho through Blackhawk Gold, as well as to acquire interests in companies associated with Muroff, Getty, and Barnett that invested in gold mining.

46. Muroff, Ku, Westlead, Xing, Worldway, and their agent(s) promised the potential investors it was certain they would receive permanent green cards and they and their families would be able to immigrate to the United States.

47. Muroff Ku, Westlead, Xing, Worldway, and their agent(s) promised the potential investors they would receive back their initial investment with significant gains, paid either in cash or gold.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 8**

48. Muroff Ku, Westlead, Xing, Worldway, and their agent(s) told the potential investors that a private insurance company was willing to insure the EB-5 Program scheme, and thus, the scheme was "zero risk."

49. Muroff Ku, Westlead, Xing, Worldway, and their agent(s) used other artifice and deception to persuade the potential investors the project was "zero risk," and therefore insurance was unnecessary.

50. Upon information and belief, to enhance the appeal of investing with Muroff, Getty, Barnett, and their entities, Muroff, Ku, Westlead, Xing, Worldway, and their agents convinced the potential investors that Getty and Barnett were successful investors, promoting their projects as being valued near one trillion dollars at a time when Muroff, Getty, and Barnett knew their business interests, including the Blackhawk Defendants were failing.

51. On July 20, 2010, without notice to actual and potential investors, Getty and Barnett filed for bankruptcy. The allegations set forth herein regarding Getty and Barnett relate to their actions after July 20, 2010.

52. Muroff's scheme included actual and implied representations intended to persuade potential investors that the promoted EB-5 investment was directly supported by the Idaho State government.

53. Defendants sold 120 units in Blackhawk Gold LLC at $500,000 per unit. The purchasers are approximately 120 foreign investors, including the Plaintiff Class.

54. Individually, the Plaintiff Class each wired $500,000 per unit to Muroff and/or the Defendants to be invested for the EB-5 Program.

55. The Plaintiff Class also each wired approximately $35,000 to a Westlead or Worldway bank account for an "issuance" or "administration fee."

56. Despite Muroff and/or his agents' promises of investing the Plaintiff Class' money in lucrative real estate development and gold mining ventures that would result in substantial profits for the Plaintiff Class, Defendants used the money to acquire assets Defendants knew were overvalued and could never realize a profit. The Plaintiff Class never received payments of any kind.

57. The Plaintiff Class received green cards with conditions, but on January 20, 2016 USCIS issued a notice of intent to terminate the ISRC EB-5 program, which would jeopardize some or all of Plaintiffs' immigration status.

58. Defendants Muroff, Ku, Xing, Riddle, Getty, and Barnett agreed to engage in a conspiracy to fraudulently misappropriate and misuse the Plaintiff Class' investments as set forth herein.

59. The Investment Entities were formed to receive fraudulent transfers of the Plaintiff Class' investments.

60. Further, Defendants fraudulently misappropriated and misused the Plaintiff Class' investments by engaging in other various acts, which include, without limitation, the following:

    a) use of investor money in Blackhawk Gold for personal purposes;

    b) Muroff's use of investor money in Blackhawk Gold to purchase assets in his own companies, then selling the interests back to investors at higher prices;

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 10**

      c)    diverting investor funds into options which resulted in significant losses which were not disclosed to the Plaintiff Class;

      d)    purchasing real estate with investor funds but titling the property in an entity's name not associated with the investor's securities interests;

      e)    submitting false and misleading purchase agreements to investors indicating Blackhawk Gold purchased a real estate development, when in fact it had been purchased by Muroff; and

      f)    use of investor funds to pay additional, undisclosed commissions to Ku, Westlead, Xing, and Worldway for soliciting potential Chinese investors to invest in the EB-5 Program scheme.

61. Additionally, Defendants made intentional misrepresentations to the Plaintiff Class, which include, without limitation, the following:

      a)    their investments would be used for the specific purposes of the EB-5 Program, which would result in the issuance of permanent green cards without conditions;

      b)    their investments would result in substantial gains, either monetarily or in gold;

      c)    the investments were "zero risk" and therefore did not require insurance;

      d)    the Plaintiff Class did not need to consult with an attorney regarding their investments; and

      e)    the investors were successful and sophisticated business professionals, who would properly handle and invest the Plaintiff Class' money.

## COUNT I – BREACH OF FIDUCIARY DUTY
*As to Defendants Serofim Muroff, Raymond Ku, Winner Xing, Richard K. Getty, Jerry R. Barnett, Westlead Capital Inc. d/b/a Westlink, Worldway Group*

62. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

63. At all relevant times, Defendants were investment advisers to, and agents of, the Plaintiff Class.

64. As investment advisers and agents, Defendants owed to the Plaintiff Class a fiduciary duty.  *See* Restatement (Third) of Agency § 1.01 (Am. Law Inst. 2006).

65. Defendants' fiduciary duties also arise from Section 206 of the Investment Advisers Act of 1940 ("Advisers Act"), which prohibits investment advisers from engaging in any practice that is fraudulent, deceptive, or manipulative.  *See* 15 U.S.C. §§ 80b-6(1), 80b-6(20, 80b-6(4); *see also SEC v. Capital Gains Research Bureau*, 375 U.S. 180 (1963) (holding that the Advisers Act evidences Congress' acknowledgment "of the delicate fiduciary nature of an investment advisory relationship").

66. By engaging in the fraudulent conduct and misrepresentations set forth herein, Defendants, separately and together, knowingly or recklessly violated their fiduciary duties owed to the Plaintiff Class.

67. As a direct result of Defendants' breach, the Plaintiff Class has suffered damages in excess of $10,000 for which they are entitled to recover in an amount to be proven at trial.

## COUNT II – VIOLATION OF THE UNIFORM VOIDABLE TRANSACTION ACT
*As to All Defendants*

68. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 12**

69. The Plaintiff Class were innocent investors who gave their money to Defendants believing the money would be invested profitably and for the EB-5 Program on their behalf.

70. The Investment Entities fraudulently transferred the Plaintiff Class' investments with the actual intent to hinder, delay, or default the Plaintiff Class.

71. The Investment Entities made the transfers of the investment assets without receiving reasonably equivalent value in exchange, when the Investment Entities were insolvent or had become insolvent as a result of the transfers.

72. Accordingly, the transfers are avoidable fraudulent transfers pursuant to Idaho Code Sections 55-913(1)(a)-(b) and 55-914(1), and the Plaintiff Class is entitled to recover the investments paid by the Investment Entities to Defendants.

## COUNT III – FRAUD
*As to All Defendants*

73. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

74. To effectuate their EB-5 Program scheme, Defendants made numerous statements and/or misrepresentations of fact, which include, without limitation, the following:

    a) their investments would be used for the specific purposes of the EB-5 Program, which would result in the issuance of green cards;

    b) their investments would result in substantial gains, either monetarily or in gold;

    c) the investments were "zero risk" and therefore did not require insurance;

    d) the Plaintiff Class did not need to consult with an attorney regarding their investments; and

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 13**

e) the investors were successful and sophisticated business professionals, who would properly handle and invest the Plaintiff Class' money.

75. The statements and/or misrepresentations of fact are false and material.

76. Defendants made these statements and/or misrepresentations of fact knowing of their falsity.

77. Defendants made these statements and/or misrepresentations of fact intending the Plaintiff Class rely on them.

78. The Plaintiff Class was ignorant of the falsity of the statements and/or misrepresentations of fact.

79. The Plaintiff Class justifiably relied on the statements and/or misrepresentations of fact.

80. The Plaintiff Class was injured because of their justifiable reliance on Defendants' statements and/or misrepresentations of fact.

81. Accordingly, the Plaintiff Class has suffered damages in excess of $10,000 for which they are entitled to recover in an amount to be proven at trial.

## COUNT IV – SECURITIES FRAUD
*As to All Defendants*

82. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

83. Pursuant to Idaho Code Section 30-14-509, "a person is liable to the purchaser if the person sells a security . . . by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statement made, in light of the circumstances under which it is made, not misleading, the purchaser not knowing the untruth

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 14**

or omission and the seller not sustaining the burden of proof that the seller did not know and, in the exercise of reasonable care, could not have known of the untruth or omission." I.C. § 30-14-509 (b).

84.     Additionally, a "person that receives directly or indirectly any consideration for providing investment advice to another person and that employs a device, scheme or artifice to defraud the other person or engages in an act, practice, or course of business that operates or would operate as a fraud or deceit on the other person, is liable to the other person." I.C. § 30-14-509 (f).

85.     To induce the Plaintiff Class to invest their money for Defendants' fraudulent purposes, Defendants made numerous untrue statements of material fact and/or omissions as set forth herein.

86.     Upon information and belief, Defendants received consideration for providing investment advice to the Plaintiff Class in order to engage in the fraudulent and deceitful acts, practices, and course of business as set forth herein.

87.     As a result of Defendants' fraudulent conduct, the Plaintiff Class is entitled to recover their investments, or actual damages as set forth in I.C. § 30-14-509 (b)(3), plus interest, costs, and attorney fees.

## REQUEST FOR ATTORNEYS' FEES

88.     The Plaintiff Class has been required to retain the services of counsel to prosecute this matter on their behalf, and is entitled to reasonable attorneys' fees for prosecution of this action, pursuant to applicable law, including, but not limited to, Idaho Code §§ 12-120(3) and

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 15**

12-121, and Rule 54 of the Idaho Rules of Civil Procedure, in such sums as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

89. The Plaintiff Class hereby demands a trial of no less than 12 persons.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Class prays for judgment against Defendants as follows:

1. On Count 1 (Breach of Fiduciary Duty), for a money judgment against Defendants in an amount, in excess of $10,000, to be proven at trial;

2. On Count 2 (Fraudulent Transfers), for a judgment avoiding the fraudulent transfers pursuant to Idaho Code §§ 55-913(1)(a)-(b) and 55-914(1) and directing the return of the Plaintiff Class' investments;

3. On Count 3 (Fraud), for a money judgment against Defendants in an amount, in excess of $10,000, to be proven at trial;

4. On Count 4 (Securities Fraud), for a judgment awarding to the Plaintiff Class the recovery of their investments, or actual damages as set forth in I.C. § 30-14-509 (b)(3), plus interest, costs, and attorney fees; and

5. For all Counts:

   a. Reasonable attorney fees in the sum of not less than $5,000.00 pursuant to Idaho Code §§ 12-120(3) and 12-121, and Rule 54, if uncontested. If contested, the amount of attorney fees and Court costs should be the actual attorney fees and court Costs;

   b. Interest as allowed by law; and

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – P. 16**

   c. For such other and further relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED this 19th day of January, 2018.

            BITHELL LAW PLLC

             /s/ Walter H. Bithell
            Walter H. Bithell, Of the Firm
            Attorneys for Plaintiffs